IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| Shakinna Brunt, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 3:23CV196-DMB-RP |
| Landau Uniforms, Inc., and Performance Apparel Holdings, LLC, Defendant. | ) ) ) ) |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Shakinna Brunt (hereinafter "Plaintiff" or "Ms. Brunt"), by and through counsel, and for her Complaint against Defendants Landau Uniforms, Inc. and Performance Apparel Holdings, LLC (hereinafter collectively "Defendants"), states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Landau Uniforms, Inc. and Performance Apparel, LLC, under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings this action against Defendants as joint employers for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages, overtime premiums for all hours worked over forty hours in a workweek; liquidated and/or other

1

damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Shakinna Brunt is an adult resident of Olive Branch, Mississippi.

6. Defendant Landau Uniforms, Inc. is a company incorporated in Tennessee, with its principal office in Mississippi, and may be reached for service through its registered agent, Lilia Lauren, 8410 Sandidge Road, Olive Branch, Mississippi 38654.

7. Defendant Performance Apparel Holdings, LLC is a company incorporated in Delaware, with its principal office in Texas, and may be reached for service through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

9. Defendant Landau Uniforms Inc. is a legal entity registered in Mississippi and doing substantial business in the state of Mississippi. Therefore, this Court has personal jurisdiction over Defendant.

10. Defendant Performance Apparel Holdings, LLC is a legal entity which owns a corporate entity which does business in, employs and pays residents of the state of Mississippi. Therefore, Defendant has sufficient contacts with the State to warrant this Court asserting personal jurisdiction over Defendant, pursuant to Miss. Code Ann. § 13-3-57.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

## FACTUAL BACKGROUND

12. In 2016, Defendant Landau Uniforms, Inc. hired Plaintiff Shakinna Brunt to work as Key Account Representative.

13. Defendant Landau Uniforms, Inc paid Ms. Brunt, as Key Account Representative, an hourly rate, as well as an overtime premium for her hours worked over forty in a workweek.

14. As Key Account Representative, Ms. Brunt generally worked Monday through Friday, from 8:00 am to 5:00 pm.

15. As Key Account Representative, Ms. Brunt's job duties primarily involved answering calls, providing customer service, website maintenance, keying in customer orders, and processing returns.

16. In 2020, Defendant Landau Uniforms, Inc promoted Ms. Brunt from Key Account Representative to Product Development Coordinator.

17. In 2021, Defendant Landau Uniforms, Inc. was acquired by Defendant Performance Apparel Holdings, LLC.

18. Following this acquisition, Defendant Performance Apparel Holdings, LLC paid Ms. Brunt's paychecks and acted as her joint-employer with Defendant Landau Uniforms, Inc.

19. As Product Development Coordinator, Ms. Brunt's job duties included managing and monitoring inventory levels and placing orders for goods as dictated by Defendant.

20. After promoting Ms. Brunt, Defendants did not hire anyone to fill her prior position as Key Account Representative; accordingly, Ms. Brunt also continued to perform the job duties she performed as Key Account Representative.

21. As Product Development Coordinator, Ms. Brunt did not supervise or direct any subordinate employees.

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

22. Furthermore, Ms. Brunt did not have the authority to hire or fire other employees, nor were her hiring and firing suggestions given any particular weight.

23. As both Key Account Representative and Product Development Coordinator, Ms. Brunt did not have any independent decision-making authority or meaningful discretion; her purchasing function was dictated by strict company guidelines.

24. Throughout her employment with Defendants, Ms. Brunt worked a hybrid remote and in-person work schedule.

25. As Product Development Coordinator, Defendants paid Ms. Brunt an annual salary of $39,790; Defendants no longer paid Ms. Brunt any additional compensation for her hours worked over forty in a workweek.

26. As Product Development Coordinator, Ms. Brunt typically worked Monday through Friday, from 8:00 am to 5:00 pm.

27. In addition, Ms. Brunt usually continued working during her designated lunch break.

28. As Product Development Coordinator, Ms. Brunt also frequently worked on weekends; this included working up to 8 hours on Saturdays as well as working 4-6 hours on Sundays.

29. Ms. Brunt estimates that, while working as a Product Development Coordinator, she worked, on average, 55 hours per week.

30. Until December 2022, Defendants continued to not pay her for her overtime hours worked.

31. In December 2022, Ms. Brunt was finally approved for overtime pay.

32. After several years of working incredibly long hours without receiving overtime pay, Ms. Brunt resigned from her employment with Defendants on March 6, 2023.

### COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Ms. Brunt realleges and incorporates all allegations above as if actually set forth herein.

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

34. At all relevant times, Defendants were employers and "enterprise engaged in interstate commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

35. At all relevant times, Defendants "employed" Ms. Brunt within the meaning of the FLSA, 29 U.S.C. § 203(g).

36. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1).

37. Employees may be exempted from the FLSA if they are paid a weekly salary of no less than $684 and their job duties satisfy the specific criteria set forth in the Code of Federal Regulations. *See* 29 U.S.C. § 213(a)(1); *see also* 29 C.F.R. §§ 541.100- 600.

38. As Product Development Coordinator, Ms. Brunt's job duties did not satisfy the specific criteria set forth in the Code of Federal Regulations, 29 C.F.R. §§ 541.100- 600.

39. As Product Development Coordinator, Ms. Brunt did not supervise other employees, she did not have the authority to hire or fire other employees, and her recommendations related to hiring and firing were not given any particular weight. 29 C.F.R. § 541.100(a)(1)-(4).

40. Accordingly, Ms. Brunt's job duties as a Product Development Coordinator did not satisfy the criteria for the Executive Exemption from the FLSA. 29 C.F.R. § 541.100(a)(1)-(4).

41. As Product Development Coordinator, Ms. Brunt was not allowed to exercise discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)(1)-(3).

42. Subsequently, Ms. Brunt's job duties as a Product Development Coordinator did not

5

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

satisfy the criteria for the Administrative Exemption from the FLSA. 29 C.F.R. § 541.200(a)(1)-(3).

43. Therefore, Ms. Brunt was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

44. As Product Development Coordinator, Ms. Brunt regularly worked overtime, working, on average, 55 hours per week.

45. From her promotion to Product Development Coordinator in 2020 until her resignation in 2023, Defendants willfully failed to pay Ms. Brunt any compensation for her hours worked over forty in any given workweek.

46. As a result of Defendants' failure to compensate Ms. Brunt at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

47. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shakinna Brunt prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                Respectfully submitted,

                s/John B. Turner, Jr.
                John B. Turner, Jr.
                MS Bar No. 101314
                THE CRONE LAW FIRM, PLC
                88 Union Avenue, 14th Floor
                Memphis, TN 38103
                800.403.7868 (voice)
                901.737.7740 (voice)
                901.474.7926 (fax)
                jturner@cronelawfirmplc.com

                *Attorney for Plaintiff*

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

## DECLARATION AND VERIFICATION

I, **Shakinna Brunt,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*[signature]*

**Shakinna Brunt**

Date: 05 / 23 / 2023

Doc ID: f50dfd4e4902c8e839dc7a315a641eb8534966de

# Dropbox Sign

**Audit trail**

| | |
|---|---|
| **Title** | Ms. Shakinna Brunt- Edited Complaint |
| **File name** | 05232023 Shakinna...SA Complaint_.pdf |
| **Document ID** | f50dfd4e4902c8e839dc7a315a641eb8534966de |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT** — 05 / 23 / 2023  14:22:11 UTC-5
Sent for signature to Shakinna Brunt (brunts22@outlook.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED** — 05 / 23 / 2023  14:35:22 UTC-5
Viewed by Shakinna Brunt (brunts22@outlook.com)
IP: 172.59.88.247

**SIGNED** — 05 / 23 / 2023  15:12:07 UTC-5
Signed by Shakinna Brunt (brunts22@outlook.com)
IP: 172.59.88.247

**COMPLETED** — 05 / 23 / 2023  15:12:07 UTC-5
The document has been completed.

Powered by Dropbox Sign